UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 324 HEALTH
AND WELFARE FUND,

        Plaintiff,                      Case Number 11-15416
                                          Honorable David M. Lawson
v.

HOTEL MANAGEMENT ADVISORS – TROY,
LLC,

        Defendant.
_____/

**ORDER GRANTING *EX PARTE* MOTION FOR EXAMINATION OF JUDGMENT DEBTOR AND RESTRAINING TRANSFER OF CERTAIN PROPERTY**

The matter is before the Court on the plaintiff's *ex parte* motion for examination of Remo Poselli, a member of the defendant limited liability company, and restraining transfer of certain property. The consent judgment against Hotel Management Advisors – Troy, LLC was entered by this Court on February 17, 2012 in the amount of $38,703.63, plus applicable post-judgment interest.

Under the Federal Rules of Civil Procedure, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person — including the judgment debtor — as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). The state of Michigan's procedure for executing judgments is set forth in Mich. Comp. Laws § 600.6104 and Mich. Comp. Laws § 600.6116(1). Section 600.6104 delineates the powers of the court in the proceedings supplementary to judgment. Under that section, the judge has authority to:

> (1) Compel a discovery of any property or things in action belonging to a judgment debtor, and of any property, money, or things in action due to him, or held in trust for him;

>  (2) Prevent the transfer of any property, money, or things in action, or the payment or delivery thereof to the judgment debtor;
>
>  (3) Order the satisfaction of the judgment out of property, money, or other things in action, liquidated or unliquidated, not exempt from execution;
>
>  (4) Appoint a receiver of any property the judgment debtor has or may thereafter acquire; and
>
>  (5) Make any order as within his discretion seems appropriate in regard to carrying out the full intent and purpose of these provisions to subject any nonexempt assets of any judgment debtor to the satisfaction of any judgment against the judgment debtor.

Mich. Comp. Laws § 600.6104.  Significantly, "[i]t is not necessary that execution be returned unsatisfied before proceedings under this chapter are commenced." *Ibid.*

The Michigan Revised Judicature Act, Mich. Comp. Laws § 600.6110(1), empowers a judge to issue a subpoena for the purposes of conducting discovery on judgment-related matters:

>  Upon an affidavit, showing to the satisfaction of the judge that any person has money or property of the judgment debtor, or is indebted to him, the judge may issue a subpoena requiring the judgment debtor or the person or both to appear at a specified time and place, and be examined on oath, and to produce for examination any books, papers, or records in his or its possession or control which have or may contain information concerning the property or income of the debtor.

Mich. Comp. Laws § 600.6110(1).

In addition to broad discovery, the state statute authorizes restraining the transfers of the debtor's property for two years:

>  An order for examination of a judgment debtor may contain a provision restraining the judgment debtor from making or suffering any transfer or other disposition of, or interference with any of his property then held or thereafter acquired by or becoming due to him not exempt by law from application to the satisfaction of the judgment, until further direction in the premises, and such other provisions as the court may deem proper.

Mich. Comp. Laws § 600.6116(1); *see also* Mich. Comp. Laws § 600.6116(2).

In its *ex parte* motion, the plaintiff presented the affidavit of David M. Eisenberg, counsel for the plaintiff, in which Eisenberg states that he fears that "since Defendant has not paid this judgment voluntarily, Defendant will place property beyond the reach of this court unless restrained from doing so by order of this court." Eisenberg also moves for the Court's authorization for questioning Remo Poselli under oath and for ordering the production of documents relative to the debtor's financial situation. The Court will grant the plaintiff's requests.

Accordingly, it is **ORDERED** that the plaintiff's *ex parte* motion for examination of Remo Poselli, a member of the defendant limited liability company, and restraining transfer of certain property [dkt. #10] is **GRANTED**.

It is further **ORDERED** that the plaintiff is authorized to issue a subpoena for a creditor's examination of Remo Poselli.

It is further **ORDERED** that Remo Poselli, a member of Hotel Management Advisors – Troy, LLC is to appear at the law offices of Erman, Teicher, Miller, Zucker & Freedman, P.C. on a date and time of the plaintiff's choice to give sworn testimony concerning the income, property, or other means of satisfying the Court's February 17, 2012 judgment against defendant Hotel Management Advisors – Troy, LLC.

It is further **ORDERED** that the plaintiff must serve Remo Poselli with notice of the examination at least seven days prior to examination.

It is further **ORDERED** that defendant Hotel Management Advisors – Troy, LLC and its members and employees, and those in active concert and participation with them who receive actual notice of this order, are restrained from transferring or disposing of any property of the defendant, whether now owned or hereafter acquired, except in the ordinary course of business, until further

order of the Court. This order shall not affect the disposition of property that cannot be used to satisfy the judgment by operation of law.

It is further **ORDERED** that the defendant may seek relief from the injunction contained in this order on forty-eight hours notice by filing a proper motion with this Court.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 9, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 9, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---